| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER COLORADO<br><br>1437 Bannock Street, Room 256<br>Denver, CO 80202 | DATE FILED: February 13, 2019 12:52 PM<br>FILING ID: 65D460F58EC35<br>CASE NUMBER: 2019CV30597 |
| **Plaintiff:**  ORDERLY HEALTH, INC.<br><br>v.<br><br>**Defendant:**  NEWWAVE TELECOM AND TECHNOLOGIES, INC. | |
| | ∆COURT USE ONLY∆ |
| *Attorneys for Plaintiff*<br><br>Paul M. Grant, #26517<br>Cunningham Swaim, LLP<br>1801 Broadway, Suite 1400<br>Denver, Colorado 80202<br>Telephone:  (720) 810-4235<br>E-mail: pgrant@cunninghamswaim.com | Case No. 2018cv_____<br><br>Div.:          Ctrm.: |
| **COMPLAINT AND JURY DEMAND** | |

COMES NOW the Plaintiff, Orderly Health, Inc. ("OHI"), and alleges and avers the following complaint against Defendant NewWave Telecom and Technologies, Inc. ("NewWave"):

## PARTIES, JURISDICTION, AND VENUE

1.      OHI is a Delaware corporation with a principal place of business of 2420 17th Street, Suite 3004, Denver, Colorado 80202.  OHI primarily is in the business of developing, marketing, and providing an interface between consumers and healthcare providers that allows consumers to search and locate healthcare information efficiently.

2.      NewWave is a Colorado corporation with a principal place of business of

6518 Meadowridge Road, Elkridge, Maryland 21075.  NewWave is an information technology company with a primary focus on healthcare.  NewWave may be served through its registered agent in Colorado, Kayte Hennick, 3172 W. Pikes Peak Avenue, Colorado Springs, Colorado 80904.

3.      The Constitution of the State of Colorado provides that the District Court shall be the trial court of record with general jurisdiction and shall have original jurisdiction of all civil, probate and criminal cases, except as otherwise provided by statute, and shall have such jurisdiction as may be prescribed by law.  Constitution of the State of Colorado, Article VI, Section 9.

4.      Venue is proper in this Court pursuant to C.R.C.P. 98(c) because the contract on which OHI's claim is based was executed and performed – or to be performed - in Denver, Colorado.

## FACTUAL ALLEGATIONS

5.       Prior to September 6, 2018, NewWave engaged Affiniti VC ("Affiniti") to locate and pursue potential investment opportunities, including the possibility of acquiring companies of interest. Affiniti's responsibilities that it undertook on behalf of NewWave were locating and assessing companies suitable for potential equity investment which might subsequently be of interest for NewWave to acquire.  In connection with such responsibilities, Affiniti negotiated letters of intent with attractive investment and acquisition targets, conducted due diligence on any potential investments and acquisitions, and coordinated any transactions.  Chinedu Enekwe and Solome Tibebu led Affiniti's efforts on behalf of NewWave.

6.      Starting in July, 2018, OHI was actively engaged in a fundraising process to secure capital for the ongoing operations of its business.

7.      OHI was introduced to Affiniti through the course of its fundraising efforts which later resulted in Affiniti identifying OHI as a potential investment opportunity and, on September 6, 2018, arranging an introductory telephone call with OHI's officers who, at all times relevant hereto, worked at OHI's principal – and only – office in Denver, Colorado.

8.      In September and October, 2018, as OHI was continuing to make progress on fundraising and receiving interest from other investors, Affiniti continued to direct its interest and attention to OHI by arranging additional telephone calls with OHI's officers and agents in Denver, Colorado and directing e-mails and texts to OHI's officers and agents in Denver, Colorado.

9.      On October 16, 2018, in a telephone call between Affiniti and OHI's CEO in Denver, Colorado, Affiniti told OHI that NewWave intended to make an unsolicited offer to acquire OHI.

10.      From October 16, 2018 to November 27, 2018, Affiniti met with OHI's officers, Affiniti and NewWave had numerous telephone calls with OHI's officers in Denver, Colorado, and Affiniti directed dozens of e-mails to OHI's officers in Denver, Colorado.

11.      In addition, Affiniti and NewWave sought substantial information from OHI in connection with their due diligence of the potential acquisition of OHI and directed such requests and inquiries to OHI in Denver, Colorado.  Affiniti and NewWave simultaneously requested that OHI no longer pursue additional capital from outside

sources while the diligence for the acquisition offer were ongoing, notwithstanding the significant negative impact that delaying such financing could have on OHI's liquidity and ability to finance its ongoing operations.

12.     On November 27, 2018, NewWave and OHI entered into a Letter of Intent regarding NewWave's intention to purchase the capital stock of OHI.  Although the Letter of Intent generally was non-binding, NewWave and OHI agreed that Section 3 (Confidentiality; Public Announcements) and Section 4 (Exclusivity/No Shop) were binding and legally enforceable provisions.

13.     Section 4 provided as follows with respect to the exclusivity/no shop period agreed to by NewWave and OHI:  "At the expiration of the 60-day no shop period with each Party negotiating utilizing commercial best efforts, the Purchaser [NewWave] agrees to pay the Company [OHI] a non-refundable earnest money deposit of $250,000 (hereinafter, "Earnest Money") if the Closing is has [sic] not occurred at such time."

14.     During the negotiation of the Letter of Intent between NewWave and OHI, NewWave, through its agent Affiniti and consistent with Section 4 of the Letter of Intent, stated that NewWave "increased the Exclusivity Period earnest money to $250,000" and understood that such earnest money would be paid "if the deal does not close by the Target Close Date" of sixty (60) days following the date of the Letter of Intent.

15.     The Letter of Intent was directed to OHI in Denver, Colorado and provided that, following the acquisition, OHI's employees in Denver, Colorado would continue to work for NewWave.

16.     After NewWave and OHI executed the Letter of Intent, NewWave and Affiniti met with OHI's officers, directed numerous telephone calls to OHI in Denver,

Colorado, directed numerous e-mails to OHI in Denver, Colorado, and directed numerous in-depth requests and inquiries for information to OHI in Denver, Colorado.

17.     Without explanation, in or about January, 2019, NewWave decided not to acquire OHI and, therefore, did not close the stock purchase transaction set forth in the Letter of Intent within sixty (60) days following the date of execution of the Letter of Intent.

18.     As a result, OHI demanded payment of the $250,000.00 earnest money. NewWave has failed and refused to pay the earnest money to OHI.

**CLAIM FOR RELIEF**
**(Breach of Contract)**

19.     The allegations contained in paragraphs 1 through 18 are incorporated by reference as if fully set forth herein.

20.     Section 4 of the Letter of Intent required NewWave to pay to OHI earnest money of $250,000.00 if NewWave did not acquire OHI within sixty (60) days following the date of the Letter of Intent.

21.     NewWave did not acquire OHI on or before January 26, 2019 or any time subsequent to such date.  However, NewWave has failed and refused to pay the earnest money of $250,000.00 to OHI.

22.     OHI fully performed under the Letter of Intent and, specifically, under Section 4 of the Letter of Intent, or was ready, willing, and able to perform under the Letter of Intent and, specifically, under Section 4 of the Letter of Intent.

23.     As a result of NewWave's breach of Section 4 of the Letter of Intent, OHI has been damaged in the amount of $250,000.00 plus other foreseeable damages resulting from NewWave's breach, interest on such amounts, and the costs of this proceeding.

## **JURY DEMAND**

24.    OHI demands a trial by jury on all issues so triable.


Respectfully submitted this 13th day of February, 2019.

By:    /s/Paul M. Grant
Paul M. Grant
Cunningham Swaim, LLP
1801 Broadway, Suite 1400
Denver, CO 80202
Telephone:  (720) 810-4235
pgrant@cunninghamswaim.com

ATTORNEYS FOR PLAINTIFF